IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAY DONOVAN NEVELS,**

    **Petitioner,**

vs.

                         **CASE NO. 4:07cv2-MP/WCS**

**ADMINISTRATOR,**
**FLORIDA STATE HOSPITAL,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

    This is an amended petition for writ of habeas corpus filed by Ray Donovan Nevels pursuant to 28 U.S.C. § 2254.  Doc. 7.  Petitioner challenges his custody pursuant to a judgment of a state court finding him not guilty by reason of insanity in the Circuit Court of the Twelfth Judicial Circuit, in and for Leon County, Florida, case number 2003 CF 014060 NC.  Respondent filed a motion to dismiss.  Doc. 14.  Petitioner was afforded an opportunity to file a reply, doc. 12, but has not done so.

    I recently had concerns about whether Petitioner was still in custody.  See my last order, doc. 15.  That order, however, was mailed to Petitioner at the Florida State

Hospital and the Clerk has not received a mail return, indicating that Petitioner received it.  Respondent represents that Petitioner is still at Florida State Hospital.  Doc. 16.  Accordingly, the petition is not moot.

A § 2254 petition is the proper way to challenge custody as a consequence of a state judgment following a verdict of not guilty by reason of insanity.  See, Flowers v. Leean, 215 F.3d 1331 (7th Cir.) (TABLE, text in 2000 WL 554518), cert. denied, 531 U.S. 866 (2000):

> But a conviction or criminal sentence is not a prerequisite to § 2254  relief.  Rather, a petitioner must be "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  A person who is confined in a mental institution as a result of a judgment of not guilty by reason of insanity or as a result of any other judicial or administrative order is "in custody" for purposes of § 2254.  1 James S. Liebman & Randy Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 8.2(d), at 341 (3d ed. 1998); see, e.g., Brock v. Weston, 31 F.3d 887, 890 (9  Cir. 1994); Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8  Cir. 1991).  Cf. Nelson v. Murphy, 44 F.3d 497, 499 (7  Cir. 1995) (plaintiffs who were committed to mental health facility after finding of not guilty by reason of insanity properly brought action under § 1983, not § 2254 , where they were challenging conditions of confinement).

2000 WL 554518. *1.

Petitioner alleges in his petition that the offense of car jacking was inadequately alleged in his criminal case.  Doc. 7, p. 14.  He also claims that the information charging him with the offense was inadequate in other ways.  Id.  He contends that success on these claims would result in his release from the Florida State Hospital and vacation of the state judgment finding him not guilty by reason of insanity.  Id., p. 16.

Petitioner was found not guilty by reason of insanity and on June 17, 2005, he was committed to the Department of Children and Family Services pursuant to FLA. R. CRIM. P. 3.217 and FLA. STAT. § 916.15.  Doc. 7-2, pp. 17-18, on the electronic docket.

28 U.S.C. § 2254(a) provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(Emphasis added). Petitioner is not in custody pursuant to a state criminal judgment of conviction because he was acquitted and was not sentenced on the criminal charge. There is no criminal judgment of conviction. Instead, he is in custody pursuant to an order of commitment to the Department of Children and Families. Alleged defects in the original criminal charge are immaterial to his current custody. Thus, Petitioner fails to state a claim upon which habeas relief may be granted.

If the court were to liberally construe this petition as an attempt to challenge Petitioner's commitment by reason of a finding of not guilty by reason of insanity, the petition should be dismissed for failure to exhaust state court remedies. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). Petitioner admits that he has several state appeals still pending related to his current confinement. Doc. 7, ¶ 9. The appeals identified are in the Florida Second District Court of Appeal, case numbers 2D05-4944, 2D05-5297, 2D06-1600, and 2D06-2312. *Id.* The appellate court's online docket reveals that case numbers 2D05-5297 and 2D06-1600 are still pending.[1]

---

[1] The status of these cases is available at the "online docket" at: http://www.2dca.org/the_clerk's_office.htm .

Case No. 4:07cv2-MP/WCS

**Conclusion**

Accordingly, it is **RECOMMENDED** that the amended 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Ray Donovan Nevels, doc. 7, be **DENIED with prejudice** to the extent that it challenges a criminal conviction in the Circuit Court of the Twelfth Judicial Circuit, in and for Leon County, Florida, case number 2003 CF 014060 NC, and be **DENIED without prejudice** to the extent it should be construed as challenging his commitment to the Department of Children and Family Services pursuant to FLA. R. CRIM. P. 3.217 and FLA. STAT. § 916.15 after a finding of not guilty by reason of insanity in the same case.

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2007.

s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**